UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANIL PUN MAGAR,

              Petitioner,

v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY,

              Respondent.

No. 1:26-cv-03063-DJC-CSK

ORDER

Petitioner Anil Pun Magar, a noncitizen, entered the United States on January 8, 2025, and was immediately detained by immigration authorities. He has been in immigration custody ever since for more than fourteen months. He has never received a bond hearing. On April 21, 2026, he filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order. The Court informed the parties that it intended to rule on the merits of the Petition. For the reasons stated below, the Petition is GRANTED.

////

////

////

////

1

**BACKGROUND**

Petitioner is a citizen of Nepal who entered the United States without authorization on January 8, 2025. (Pet. (ECF No. 1) ¶ 23.) He was immediately detained by immigration authorities ("ICE") and placed in expedited removal proceedings. (*Id.*; Appendix (ECF No. 8-1) at Ex. 1 ("Form I-213").) He was later placed in standard removal proceedings after an asylum officer found he demonstrated a credible fear of persecution or torture. (Appendix at Ex. 2 ("Not. to Appear").) On September 22, 2025, an Immigration Judge denied Petitioner's requests for asylum, withholding of removal under the Immigration & Nationality Act ("INA") § 241(b)(3) and the Convention Against Torture, and deferral of removal. (*Id.* at Ex. 5 ("Removal Order").) The Immigration Judge ordered Petitioner to be removed to Nepal. (Removal Order at 21.) Petitioner filed an appeal to the Board of Immigration Appeals on October 22, 2025. (Appendix at Ex. 6.) That appeal remains pending. Petitioner remains in immigration custody at California City Detention Center and has been detained more than fourteen months. (Pet. ¶¶ 1–2.)

Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order (Mot. TRO (ECF No. 2)) in this Court. The Court notified the parties that it intended to rule on the merits of the Petition. (ECF No. 6.) The Government filed a Response on May 1, 2026. (Resp. (ECF No. 8).) Petitioner did not file a Reply.

**DISCUSSION**

Petitioner raises claims similar to ones this Court has already addressed. This Court has previously joined other districts in concluding that the unreasonably prolonged mandatory detention of individuals such as Petitioner under section 1225(b) without a bond hearing can violate the Due Process Clause. *See Choudhary v. Chestnut*, No. 1:26-cv-01770-DJC-CKD, 2026 WL 816711, at *3 (E.D. Cal. Mar. 24, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. Jan. 25, 2025) (explaining that

"essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Petitioner argues that his prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  (*See generally* Pet. (ECF No. 1); Mot. TRO (ECF No. 2) at 2.)  He seeks immediate release from detention or, alternatively, a bond hearing before a neutral decisionmaker in which the Government bears the burden to show, through clear and convincing evidence, that he is a danger or poses a flight risk.  (Mot. TRO at 7.)  For its part, the Government asserts that Petitioner's rights are limited to the statutory language of § 1225(b) and, relying in part on *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), that the Due Process Clause "does not override the statute."  (Resp. at 5.)  The Government alternatively contends that if the Due Process Clause were to apply, Petitioner's detention without a bond hearing is constitutionally permissible.  (*Id.* at 6, 8.)

## I.  Government's Claims

The Court declines to adopt the Government's analysis.  Notwithstanding the statutory language of § 1225(b) that provides for mandatory detention, an as-applied constitutional challenge is permissible here.  *See, e.g.*, *Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK, 2026 WL 797694, at *8 (E.D. Cal. Mar. 23, 2026) (concluding that Supreme Court's analysis in *Thuraissigiam* did not foreclose a due process challenge to mandatory detention without a bond hearing under § 1225(b)); *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1170–73 (W.D. Wash. 2023) (same), *appeal docketed*, No. 24-2801 (9th Cir. 2025).  The Court agrees with the analysis in *Padilla* that "a broad rule that any inadmissible noncitizen possesses only those due process rights afforded to them by statute, regardless of the nature of their status or

the relief they seek. . . . is untethered to the claim in *Thuraissigiam*[,]" which is "necessarily constrained" to admissibility challenges and silent as to detention. Accordingly, the Court rejects the Government's overbroad reading of *Thuraissigiam* and concludes that Petitioner may assert a due process claim under § 1225(b)(1).

## II.  Due Process

To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution."  *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. Jul. 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention as he has been detained for more than fourteen months.  "Freedom from imprisonment— from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Having concluded Petitioner has a protected liberty interest, the Court next examines whether his detention has become unreasonable.  The Court assesses the following factors: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."  *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); *see, e.g.*, *Sandesh v. LaRose*, No. 3:26-cv-00846-JES-DDL, 2026 WL 622690, at *3 (S.D. Cal. Mar. 5, 2026) (finding "it most appropriate to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past" and collecting cases).

First, the length of detention, which is "the most important factor," weighs in Petitioner's favor as he has been detained more than fourteen months.  (Pet. ¶¶ 1-2;

*Martinez*, 2019 WL 5968089, at *9.)  This Court has previously found a detention of twelve months to weigh in favor of granting a bond hearing.  *Choudhary*, 2026 WL 816711, at *2.

The second factor favors Petitioner, which assesses "the likely duration of future detention."  *Martinez*, 2019 WL 5968089, at *9.  Petitioner filed his appeal with the BIA on September 22, 2025, and that decision remains pending.  If the BIA affirms, Petitioner will have the opportunity to seek review in the Ninth Circuit.  In all, this process takes "approximately 12 to 20 months from the notice of appeal date."  *Id.*  This amount of time is sufficiently lengthy that the Court finds that the second factor favors Petitioner.

The third factor as to the conditions of detention also slightly favors Petitioner.  While Petitioner does not submit evidence, the Government does not dispute his account.  Petitioner writes that he is "getting depressed because of the uncertainty of my future.  My medical condition is getting worse every day . . . the living conditions in the detention center are below normal standards.  Inmates fall sick very often with no timely medical care inspite of repeated written reminders and sick call notices."  (Pet. ¶ 23) (spelling in original); *see also Martinez*, 2019 WL 5968089, at *9 (concluding factor was neutral in the absence of evidence).

As to the fourth and fifth factors, the Court considers the nature and extent of any delays in the removal proceedings caused by the parties.  The Government has provided evidence that Petitioner sought a continuance of one of his immigration hearings to have more time to obtain paperwork from family members. (Appendix at Ex. 3.)  The Immigration Judge found good cause and granted the motion to continue. (*Id.* at Ex. 4.)  This delayed immigration proceedings by about three weeks. (*Id.*)  Petitioner also filed an appeal of the Immigration Judge's adverse decision denying his requests for relief. (Appendix at Ex. 6.)  Nevertheless, "Petitioner is entitled to raise legitimate defenses to removal . . . and such challenges to his removal cannot undermine his claim that detention has become unreasonable."  *Liban M.J. v. Sec'y of*

*Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 965 (D. Minn. 2019) (citations omitted); *see also Henriquez v. Garland*, No. 5:22-cv-00869-EJD, 2022 WL 2132919, at *5 (N.D. Cal. Jun. 14, 2022) ("[T]he fact that Petitioner chose to pursue [relief] and requested continuances to further that application does not deprive him of a constitutional right to due process.")  Accordingly, the fourth factor favors Petitioner.  *Martinez*, 2019 WL 5968089, at *10.  As to the Government's role in any delay, Petitioner contends that his "court proceedings have been changed on multiple occasions at the accord of DHS, through no fault of my own and continuously prolong my detention."  (Mot. TRO at 2.)  The Government does not contest this narrative, thus the Court concludes that the fifth factor favors Petitioner.

Finally, the sixth factor is neutral as the Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so.  *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

After assessing all the factors, several of which favor Petitioner and none that favor the Government, the Court concludes that Petitioner's prolonged and indefinite detention entitles him to process and orders a bond hearing.

**CONCLUSION**

The Court previously notified the parties that it intended to rule on the merits of the Petition and neither party objected.  Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Within fourteen (14) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge.  At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community

or a risk of flight, and Petitioner shall be allowed to have counsel present.[1] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release.  *Hernandez*, 872 F.3d at 1000.

3.  Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

4.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:    **May 15, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8 – Magar.26cv03063.merits

---

[1]  This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here.  *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).

7